**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 07-cv-01815-AP

In re: ANTHONY JAMES SABIA

TEMPORARY ACCOUNTING PERSONNEL OF COLORADO, INC.,
MARTIN J. PLANK, ESQ.
MARTIN J. PLANK, P.C.
STEVEN G. YORK, ESQ.
DWORKIN, CHAMBERS & WILLIAMS, P.C. n/k/a DWORKIN, CHAMBERS,
WILLIAMS, YORK, BENSON AND EVANS, P.C.
JAMES L. AAB, ESQ.
AAB & BOTTS, LLC,

      Appellants and Cross-Appellees,

v.

ANTHONY JAMES SABIA,
JAY JESTER, ESQ. and
KIMBER Z. SMITH, ESQ.,

      Appellees and Cross-Appellants.

## ORDER GRANTING MOTION FOR PARTIAL VACATUR

**Blackburn, J.**

      This matter is before me on the parties' **Joint Motion for Partial Vacatur** [#43][1]

filed March 10, 2009. I grant the motion.

      This case involves an appeal of a final judgment entered by the United States

Bankruptcy Court for the District of Colorado. On September 24, 2008, I entered an

**Order Affirming in Part and Reversing in Part** [#35]. The appellants then filed a

---

[1] "[#43]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

notice of appeal with the United States Court of Appeals for the Tenth Circuit.  The appellants sought review of my affirmance of the bankruptcy court's award of sanctions against the appellants.  The Tenth Circuit ordered mandatory mediation and, with the help of the mediator, the parties reached a contingent settlement of the issues raised in the appeal.  The settlement is contingent on my granting the parties' present motion to vacate a portion of my September 24, 2008, order [#35].  Specifically, the parties ask (1) that I vacate that portion of my September 24, 2008, order [#35] in which I affirmed the ruling of the bankruptcy court imposing sanctions against the appellants, and (2) that I enter an order dismissing with prejudice the appellants' appeal of the bankruptcy court's judgment imposing sanctions.  The parties do not seek any other modification of my September 24, 2008, order [#35].

On March 9, 2009, the Tenth Circuit entered an order, docketed in the above-captioned case as [#42-2], dismissing the appellants' appeal based on the contingent settlement reached by the parties.  Given the dismissal of the appeal, I again have jurisdiction over this case.  Under 28 U.S.C. § 1334, United States District Courts have original jurisdiction in all civil proceedings arising in cases under Title 11, United states Code.  Thus, I have jurisdiction to adjudicate this bankruptcy appeal under 28 U.S.C. § 158(a)(1).

Given the circumstances of this case, I find and conclude that the relief requested in the parties' **Joint Motion for Partial Vacatur** [#43] is not offensive to the integrity of the judicial system and is consistent with the Tenth Circuit's stated policy of promoting and fostering settlement of disputes on appeal.  I find and conclude further that the parties' proposed settlement, which includes a monetary payment from appellants to appellees, is an appropriate resolution of the issues inherent to the

Bankruptcy Court's award of sanctions against the appellants.

**THEREFORE, IT IS ORDERED** as follows:

1. That the parties' **Joint Motion for Partial Vacatur** [#43] filed March 10, 2009, is **GRANTED**;

2. That the portion of my **Order Affirming in Part and Reversing in Part** [#35] entered September 24, 2008, affirming the award of sanctions against appellants by the United States Bankruptcy Court for the District of Colorado is **VACATED** and **WITHDRAWN**;

3. That the portions of my **Order Affirming in Part and Reversing in Part** [#35] entered September 24, 2008, addressing the attorney fees applications of Jay Jester and Kimber Z. Smith, are unchanged by this order and **SHALL REMAIN** in full force and effect;

4. That the appellants' appeal of the Untied States Bankruptcy Court for the District of Colorado's August 17, 2007, order imposing sanctions, addressed in my **Order Affirming in Part and Reversing in Part** [#35] entered September 24, 2008, is **DISMISSED WITH PREJUDICE** and all parties shall pay their own costs;

5. That this matter is **REMANDED** to the United States Bankruptcy Court for the District of Colorado with directions to enter judgment consistent with my **Order Affirming in Part and Reversing in Part** [#35] filed September 24, 2008, as modified by this **Order Granting Motion for Partial Vacatur**.

Dated October 27, 2009, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

3